**ALCATEL SPACE, S.A. and Alcatel Space Industries, S.A., Plaintiffs–Appellees,**

v.

**LORAL SPACE & COMMUNICATIONS LTD., Loral Space & Communications Corporation, Loral SpaceCom Corp. and Space Systems/Loral, Inc., Defendants–Appellants.**

No. 01–7652.

United States Court of Appeals, Second Circuit.

Feb. 5, 2002.

Steven H. Reisberg, (Andrew M. Wasserman, Kimberly S. May, Anamika Samanta, of counsel), Willkie Farr & Gallagher, New York, NY, for Appellant.

Ira M. Feinberg, (George F. Hirtz, John B. Dawson, Michael R. Grynberg, Sandeep Mitra, of counsel), Hogan & Hartson, L.L.P., New York, NY, for Appellees.

Present OAKES, Van GRAAFEILAND and CABRANES, Circuit Judges.

New York, sitting by designation.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and is AFFIRMED.

On March 16, 2001, Alcatel Space, S.A. and its wholly-owned subsidiary, Alcatel Space Industries, S.A., (collectively, "Alcatel") a leading manufacturer of satellite systems, brought this action to enforce their rights pursuant to a strategic alliance agreement with respect to defendant Space Systems Loral, Inc. Thereafter, Alcatel moved for a preliminary injunction, and defendants-appellants cross-moved to dismiss the complaint and to compel arbitration. On April 26, 2001, the District Court granted Alcatel's motion for a preliminary injunction, denied defendants' motion to dismiss the complaint, and granted defendants' motion to compel arbitration on consent. *See Alcatel Space, S.A. v. Loral Space & Communications Ltd.*, 154 F.Supp.2d 570 (S.D.N.Y.2001).

The preliminary injunction entered by the District Court provides that, until further order of the District Court or of the arbitral tribunal, or upon expiration of the strategic alliance agreement, whichever is earlier, defendants shall act in compliance with certain provisions of the agreement or in accordance with their representations to the District Court. 154 F.Supp.2d at 585–86. On appeal, defendants contend that (1) because the injunction purportedly altered the "status quo" and provided Alcatel with substantially all the relief it sought from the lawsuit, the District Court should have required Alcatel to make "a 'clear' or 'substantial' showing of a likelihood of success" on the merits, *see Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996); (2) Alcatel showed neither a likelihood of success on the merits not irreparable harm; and (3) the injunction is overly broad.

We have carefully reviewed the record, and find appellants' arguments without merit. The District Court applied the correct legal standard and crafted an injunction that preserves Alcatel's rights pursuant to the strategic alliance agreement until the status of that agreement can be definitively determined in the arbitration proceedings. Accordingly, we affirm the judgment of the District Court for substantially the reasons stated in its April 26, 2001, opinion and order. *See Alcatel Space, S.A. v. Loral Space & Communications Ltd.*, 154 F.Supp.2d 570 (S.D.N.Y.2001).